No. 23-5293
IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALLAN M. JOSEPHSON

*Plaintiff-Appellee,*

v.

TONI M. GANZEL, *et al.*

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Kentucky
Case No. 3:19-cv-00230-RGJ-CHL
The Honorable Rebecca Grady Jennings

**RESPONSE OF DEFENDANTS-APPELLANTS
CHARLES R. WOODS, BRYAN D. CARTER, WILLIAM D. LOHR,
TONI M. GANZEL, JENNIFER F. LE, AND KIMBERLY A. BOLAND
TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS**

Donna King Perry
Jeremy S. Rogers
Matthew Barszcz
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 540-2300

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

FACTUAL AND PROCEDURAL BACKGROUND ................................... 1

    1.    This Court has jurisdiction to hear the present appeal ................ 3

    2.    Determinations about whether a violation of a legal right was clearly established is a legal issue for appellate review, not a jurisdictional issue ........................................................................ 7

CONCLUSION .................................................................................................. 9

CERTIFICATE OF COMPLIANCE ........................................................... 10

CERTIFICATE OF SERVICE ..................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Barry v. O'Grady*, 895 F.3d 440, 443 (6th Cir. 2018) ............................................. 3

*Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998) ....................................... 3, 4, 5, 7

*Estate of Carter v. City of Detroit*, 408 F.3d 305 (6th Cir. 2005) ........................... 6

*Gillispie v. Miami Twp. Ohio*, 18 F.4th 909 (6th Cir. 2021) .................................... 6

*Hardy v. Jefferson Community College*, 260 F.23 671 (6th Cir. 2001) ................ 7, 8

*Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556 (6th Cir. 2011) ....................... 1

*Howlett v. City of Warren*, 852 Fed. Appx. 899 (6th Cir. 2021) ............................ 5

*King v. City of Columbus*, 2022 U.S. App. LEXIS 19989 (6th Cir. Jul. 19, 2022) ............... 7

*League of Women Voters v. Brunner*, 548 F.3d 463 (6th Cir. 2008 ........................ 6

*Ouza v. City of Dearborn*, 969 F.3d 265, 276 (6th Cir. 2021) ................................ 4

*Reichle v. Howards*, 566 U.S. 658, 665 (2012) ....................................................... 2

**Statutes and Other Authorities**

42 U.S.C. § 1983 ......................................................................................................... 1

Josephson's Motion to Dismiss should be denied. His Motion attacks merits-based arguments that haven't been made in attempt to argue that the Court lacks jurisdiction to hear any merits-based arguments. The Court should deny this tactic and allow the parties to brief the narrow issue of whether the District Court erred in denying immunity to Ganzel, Boland, Le, Lohr, Carter, and Woods.

## FACTUAL AND PROCEDURAL BACKGROUND

Josephson was a non-tenured faculty member at the University of Louisville. He filed suit against nine individual defendants alleging that they each violated his First Amendment rights. The crux of Josephson's theory was that he gave a presentation on the treatment of gender dysphoria at the Heritage Foundation in October 2017 and his appointment was later not renewed in February 2019. From this set of facts, he alleged that each named defendant retaliated against him in different forms because of his allegedly protected speech.

Following the conclusion of discovery, Josephson agreed to voluntarily dismiss three defendants, leaving his claims against Toni Ganzel, Kimberly Boland, Jennifer Le, David Lohr, Bryan Carter, and Charles Woods. Because claims arising under 42 U.S.C. § 1983 require Josephson to establish that *each* defendant violated his rights, *see Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011), each defendant separately sought summary judgment on both the sufficiency of the evidence and on grounds of immunity. Josephson, too, sought summary judgment, arguing sufficiency of the evidence and also that no defendant was entitled to immunity. At summary judgment,

Josephson argued that he had a generalized right to be free from retaliation for his speech (Summ. J. Resp., R. 72, PageID 4628-29) in contravention of the Supreme Court's mandate that "the right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." *Reichle v. Howards*, 566 U.S. 658, 665 (2012) (internal citations and quotation marks omitted).

Ultimately, the District Court held that no defendant was entitled to qualified immunity or immunity under the Eleventh Amendment. (Mem. Opinion, R. 99, PageID 5675, 5671). It specifically determined that the evidence, viewed in the light most favorable to Josephson (as Josephson concedes) showed that each defendant violated Josephson's rights and that each violation was clearly established at the time: David Lohr sent an email (where Josephson was not a recipient) where he referred to Josephson's reasoning as "unscientific;" Jennifer Le received complaints about Josephson and noted them on a document she did not discuss with Josephson; Bryan Carter similarly received complaints about Josephson and proposed in a draft work assignment that Josephson should not treat LGBTQ patients; Woods told Josephson "to acknowledge to trainees when you are knowingly espousing approaches and views that differ from the official curricula for those trainees" on treatment of gender dysphoria; Boland recommended the non-renewal of Josephson's appointment; and Ganzel accepted Boland's recommendation not to renew Josephson's appointment. Because Josephson concedes that the District Court applied the correct standard and

2

viewed the evidence in the light most favorable to him, the Sixth Circuit "need look no further than the district court's opinion" and "may be able merely to adopt the district court's recitation of facts and inferences[ ]" in resolving this appeal. *Barry v. O'Grady*, 895 F.3d 440, 443 (6th Cir. 2018).

The District Court separately determined that genuine issues of material fact existed with respect to all parties' sufficiency of the evidence arguments and denied all of the motions for summary judgment on those grounds as well. (Mem. Opinion, R. 99, PageID 5768-69). The defendants timely filed a notice of appeal (Notice, R. 103, PageID 5744) solely on the legal issues of the District Court's denial of immunity. Those legal issues are all that is before the Court.

Before any briefing has taken place, Josephson now argues this Court lacks jurisdiction based on arguments that no defendant has yet made (or will make). Josephson's motion is both unripe and falsely premised. This Court has been clear that, when addressing issues of qualified immunity, the preferred approach is to address jurisdiction once it has the benefit of briefing and oral argument. *Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998). Josephson's motion should be denied and the Court should direct the parties to complete their briefing on the immunity issues that are properly before the Court.

**1.      This Court has jurisdiction to hear the present appeal.**

The District Court unequivocally denied each defendant's assertions of immunity. It specifically held that "Defendants are not protected by qualified

3

immunity." (Mem. Opinion, R. 99, PageID 5765). It also denied Ganzel's, Boland's, Le's, Lohr's, and Carter's assertions of immunity under the Eleventh Amendment. (Mem. Opinion, R. 99, PageID 5761). These were express denials of immunity that are subject to interlocutory appeal. This Court has jurisdiction to hear this appeal "to the extent that it turns on an issue of law." *Ouza v. City of Dearborn*, 969 F.3d 265, 276 (6th Cir. 2021). The District Court's separate determination that a genuine issue of material fact exists regarding the sufficiency of the evidence of Josephson's claims (Mem. Opinion, R. 99, PageID 5768-69) is not properly the subject of this appeal. It has no bearing on whether this Court has jurisdiction to hear the legal issue of whether the District Court erred in denying immunity to the Defendants. This Court absolutely has jurisdiction to address those issues.

While Josephson cites *Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998), in support of his argument that this Court lacks jurisdiction to hear his appeal, that case is crystal clear why Josephson's motion should be denied. Appellate courts "often cannot adequately assess our jurisdiction to hear interlocutory appeals on qualified immunity until the appeal is fully briefed and argued." *Id.* at 564. The court in that case recognized that the preferred course of action is to address jurisdiction as part of the merits brief and argument:

> "Only by testing that presentation with the fully fleshed arguments of an adversary and our skeptical questioning of counsel can we divide the legal from the factual. Given the difficult inquiry . . . in all but the clearest circumstances, normally *the safest course would be for the parties to address the jurisdictional issues along with the merits in their briefs* and for this Court to

4

postpone a final decision on jurisdiction until the case is argued. *Id.* (Emphasis added).

Thus, the authority on which Josephson bases his argument actually counsels the exact *opposite* of what he seeks. The Court should deny his motion and should allow this matter to proceed to merits briefing.

Josephson's entire motion is predicated upon sufficiency of the evidence arguments he *expects* will be made in the parties' merits briefing. Of course, no merits briefing has taken place and no arguments have yet been made to this Court. Josephson cites nothing for the proposition that an appeal on immunity grounds should be dismissed because of arguments the opposing party anticipates being made. The fact that the appellants made sufficiency of the evidence arguments to the trial court in addition to qualified immunity arguments does not prevent them from seeking immediate review of the legal issue of qualified immunity. Josephson has cited no authority to this effect and no such authority exists.

Nor does Josephson cite any authority to suggest that disagreements about the merits of an opponent's arguments create an issue of jurisdiction for the Court. Without putting too fine a point on it, that's the entire purpose of briefing and oral argument. The court in *Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998) ultimately determined there was no jurisdiction to hear the appeal after it read the parties' briefs and tested their arguments at oral argument – not on a motion to dismiss. *Howlett v. City of Warren*, 852 Fed. Appx. 899 (6th Cir. 2021), similarly involved a determination – after briefing – that

5

the court lacked jurisdiction because the arguments raised on appeal involved "sufficiency of the evidence" claims as well as an attempted appeal of the denial of summary judgment on issues outside of immunity. *Id.* at 901. *League of Women Voters v. Brunner*, 548 F.3d 463 (6th Cir. 2008), involved a merits determination on immunity that was *not* about jurisdiction. *Id.* at 474-75. *Gillispie v. Miami Twp. Ohio*, 18 F.4th 909 (6th Cir. 2021) involved a determination that the court lacked jurisdiction after briefing and oral argument. And even then, one of the judges on that panel determined that there were legal issues that *were* appropriate for review on an interlocutory appeal. *Id.* at 919-22 (Bush, J. dissenting).

The Sixth Circuit has acknowledged that even inclusion of arguments regarding disputed facts does not destroy its jurisdiction to hear an appeal regarding immunity. In *Estate of Carter v. City of Detroit*, 408 F.3d 305 (6th Cir. 2005) (abrogated on other grounds), the defendants focused much of their appeal "arguing that the district court erroneously considered inadmissible evidence" in addition to raising legal arguments. *Id.* at 310 (internal quotation marks omitted). Nevertheless, the Sixth Circuit determined that "this court can ignore the defendant's attempts to dispute the facts and nevertheless resolve the legal issue, obviating the need to dismiss the entire appeal for lack of jurisdiction." *Id.* It did just that in its opinion on the merits. Thus, even if Josephson were correct about the arguments he purportedly anticipates that the appellants intend to make on appeal (he's not), the Court would still retain jurisdiction to address the legal questions presented by the District Court's denial of immunity.

Even in cases where the Sixth Circuit has determined it lacks jurisdiction to hear an appeal on immunity grounds, such as *King v. City of Columbus*, 2022 U.S. App. LEXIS 19989 (6th Cir. Jul. 19, 2022), the issue arose only *after* the appellant's merits brief to the court. *Id.* at *5. In that case, the appellee sought dismissal on jurisdictional grounds only after the appellant's brief argued mostly factual disagreements. *Id.* at *5-*6. And even there, the motions panel allowed briefing to continue to allow the court the full benefit of the parties' briefs in order to separate the factual issues from the legal ones. *Id.*

These decisions are all consistent with *Berryman*'s guidance that parties should address any jurisdictional issues in their briefs so that the court may then determine whether the appeal involves impermissible fact-based challenges or, like this one, whether it involves a legal issue appropriate for appellate review.

An appellee's anticipation of what arguments an appellant will make in merits briefing cannot divest this Court's jurisdiction. Because these cases are clear that questions concerning jurisdiction should be addressed as part of the parties' briefing and at oral argument, the Court should deny Josephson's motion.

> **2. Determinations about whether a violation of a legal right was clearly established is a legal issue for appellate review, not a jurisdictional issue.**

Josephson also argues that his right to be free from retaliation was so clearly established that it somehow deprives this Court of jurisdiction to hear this matter. Notwithstanding the fact that this is a classic merits issue better suited for briefing, the case he relies upon for this argument is distinguishable. *Hardy v. Jefferson Community*

7

*College*, 260 F.23 671 (6th Cir. 2001) involved an appeal from the denial of qualified immunity at the motion to dismiss stage. As the court recognized in that case, "qualified immunity is typically addressed at the summary judgment stage of the case." *Id.* at 677. This, of course, is why Ganzel, Boland, Le, Lohr, Carter, and Woods addressed qualified immunity at summary judgment, rather than before. More importantly for Josephson's argument that *Hardy* is dispositive of the legal issues in this case, there is a crucial distinction: *Hardy* involved a professor's classroom speech. *Id.* at 674-76. Josephson's speech in this case involved non-classroom speech given off-campus. *Hardy* is hardly dispositive of any legal issue on appeal, let alone this Court's jurisdiction to hear those legal issues.

Certainly, nothing about *Hardy*'s determination of whether a right is clearly established speaks to this Court's jurisdiction to hear this appeal. Josephson has not cited anything for his novel argument that a merits-based argument somehow deprives this Court of jurisdiction to actually consider the merits of the appeal. At the end of the day, disagreements about what case controls and how it may or may not impact the outcome of the litigation is the entire purpose of an appeal. Josephson's arguments on this point are better suited for the merits briefing – *not* for a motion to dismiss on jurisdictional grounds.

Josephson has not cited anything to actually support his argument that a case he believes controls the outcome somehow deprives the Court of jurisdiction to address that very question. The Court should deny Josephson's motion to dismiss and allow the

parties to proceed briefing the merits of this appeal (as Josephson has already attempted to do in his Motion).

## Conclusion

Josephson's motion has no merit. No arguments on appeal have even yet been made; it is impossible for Josephson to argue that this Court lacks jurisdiction based on arguments that have not been made in briefs that have not been filed. The Sixth Circuit has recognized that issues of fact and issues of law for purposes of immunity are best addressed once it has the benefit of the parties' briefing and oral argument. The Court has neither of these things at this point. Instead, it has Josephson's arguments about what the appellants *might* argue and why those arguments would be improper. But hypothetical arguments in a vacuum do not impact the jurisdiction of this Court. Josephson's motion should be denied and the parties permitted to fully brief the issues.

Respectfully submitted,

*/s/ Matthew Barszcz*
Donna King Perry
Jeremy S. Rogers
Matthew Barszcz
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky  40202
Telephone:  (502) 540-2300
Facsimile:  (502) 585-2207
donna.perry@dinsmore.com
jeremy.rogers@dinsmore.com
matthew.barszcz@dinsmore.com
*Counsel for Defendants-Appellants*

Date: May 26, 2023

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2274 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Garamond in a 14-point font size.

*/s/ Matthew Barszcz*
Donna King Perry
Jeremy S. Rogers
Matthew Barszcz
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile: (502) 585-2207
donna.perry@dinsmore.com
jeremy.rogers@dinsmore.com
matthew.barszcz@dinsmore.com
*Counsel for Defendants-Appellants*

## **CERTIFICATE OF SERVICE**

Under 6th Cir. R. 27, I hereby certify that on May 26, 2023, a digital copy of the foregoing document was filed electronically with the Court using its electronic filing system, which automatically sends an electronic notification to all attorneys of record.

s/ *Matthew Barszcz*
*Counsel for Defendants-Appellants*
